IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHARLOTTE COOK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-381-SLR |
| | ) | |
| SHURE-LINE CONSTRUCTION, INC., | ) | TRIAL BY JURY DEMANDED |
| | ) | |
| Defendant. | ) | |

## ANSWER

Defendant Shure-Line Construction, Inc. ("Defendant"), by and through its undersigned attorneys, hereby answers the correspondingly numbered paragraphs of the Complaint by Charlotte Cook ("Plaintiff") as set forth below.

### THE PARTIES

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the factual averments of paragraph 1.

2. Admitted.

### JURISDICTION

3. Paragraph 3 sets forth a legal conclusion to which no responsive pleading is required.

### VENUE

4. Defendant denies that any unlawful employment practices occurred within the State of Delaware or otherwise. The remainder of paragraph 4 sets forth a legal conclusion to which no responsive pleading is required.

-2-

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.      Defendant denies that Plaintiff filed a written charge of racial discrimination with the Delaware Department of Labor. The remainder of the allegations of paragraph 5 set forth a legal conclusion to which no responsive pleading is required.

6.      Defendant denies that the EEOC issued any letter in 2004 in this matter, but states that it appears that the EEOC mailed, on March 27, 2007, a dismissal and notice of rights to Plaintiff. Further, Defendant admits that a copy of the purported notice of right to sue letter is attached to the Complaint. Defendant is without knowledge or information sufficient to form a belief as to when Plaintiff received such letter.

## FACTS

7.      Defendant admits that Plaintiff was hired on August 2, 2004 by Defendant as the Human Resources Manager for Defendant. Defendant further admits that it learned she was engaged in a romantic relationship with Mr. Kotowski and that Plaintiff resigned. The remainder of the allegations of paragraph 7 are denied as stated.

8.      Defendant admits that Mr. Kotowski is still employed by Defendant. It is further admitted that Mr. Kotowski is a manager for Defendant and, accordingly, has input in the hiring, firing and other terms of employment of his subordinates.

9.      Defendant admits that Mr. Stoneberger and Mr. Pryor were co-owners, but denies that they both were Plaintiff's supervisors.

10.     Denied as stated. However, Defendant admits that Mr. Kotowski and the co-owners of Defendant enjoyed a good working relationship.

11.     Denied as stated. However, Defendant admits that Mr. Kotowski at times may have had access to certain confidential materials of Defendant in relation to his job duties.

12. Defendant admits that Mr. Pryor learned of the relationship prior to Mr. Stoneberger, but denies the remaining allegations.

13. Denied.

14. Denied as stated. Defendant only admits that they had a discussion on March 31, 2006 about her choices and his preference as to what should happen.

15. Denied as stated. However, Defendant admits that the meeting in which Ms. Cook was given a choice occurred on Friday and that Mr. Stoneberger informed her that he would like her answer by Monday. Defendant further states that Ms. Cook responded voluntarily on Friday, March 31, 2006 that she had chosen to resign.

16. Admitted.

17. Denied as stated. Defendant only admits that it did not have a policy concerning dating in the workplace.

18. Denied.

19. Defendant denies any improper actions, but admits that Mr. Stoneberger conducted the investigation over the course of three days.

20. Denied.

21. Denied as stated. Defendant admits that for approximately the first year of employment, Plaintiff performed her duties in a satisfactory manner. However, Defendant subsequently learned of employee complaints regarding Plaintiff's work performance.

## COUNT I

### Gender Discrimination - Disparate Treatment - Under 42 U.S.C. § 2000e

22. Paragraphs 1 through 21 of the Answer are restated and incorporated as if fully set forth herein.

23. It is admitted that Plaintiff is a female. The remainder of the allegations are a legal conclusion to which no responsive pleading is required.

24. Paragraph 24 sets forth a legal conclusion to which no responsive pleading is required.

25. Denied as stated. Defendant admits that Mr. Kotowski is a senior manager for Defendant and remains employed to date with Defendant.

Defendant denies that Plaintiff is entitled to any other relief set forth in the "WHEREFORE" clause in Count I of the Complaint.

### AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following affirmative and other defenses. In asserting these defenses, Defendant does not assume the burden of proof with respect to any issues as to which applicable law places a burden of proof upon Plaintiff.

### First Affirmative Defense

26. The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

27. To the extent Plaintiff has failed to institute this action within the time required under the applicable statute of limitations, the claims for relief are barred and should be dismissed.

### Third Affirmative Defense

28. All conduct engaged in by Defendant was for legitimate business reasons and not as pretext for illegal actions. Therefore, Plaintiff's claims are barred and should be dismissed.

### Fourth Affirmative Defense

29. Defendant and its employees acted without malice or reckless indifference, and thus, an award of punitive damages is inappropriate.

### Fifth Affirmative Defense

30. In the alternative, if a fact-finder decides that unlawful discrimination was committed by Defendant's employees or others, such went against Defendant's good faith efforts to comply with state and federal law and to enforce its anti-discrimination policy, such that an award of punitive damages would be inappropriate.

### Sixth Affirmative Defense

31. To the extent Plaintiff has made any claims for special damages, Plaintiff has failed to state such claims with the requisite specificity. Therefore, Plaintiff's claims are barred and should be dismissed.

### Seventh Affirmative Defense

32. Plaintiff's claims for relief are barred to the extent she seeks damages in excess of the limits imposed by applicable law.

### Eighth Affirmative Defense

33. Plaintiff's prayer for relief must fail to the extent Plaintiff has failed to mitigate her damages as required by law.

### Ninth Affirmative Defense

34. To the extent that Plaintiff has obtained income from Defendant, other employment or other sources, such money obtained subsequent to Plaintiff's employment with Defendant must be set off against any damages allegedly due Plaintiff from Defendant.

RLF1-3167818-2

-6-

### Tenth Affirmative Defense

35. Plaintiff's claims are barred by the doctrines of estoppel, waiver and/or unclean hands.

### Eleventh Affirmative Defense

36. Plaintiff's claims are barred because she suffered no adverse employment action.

**WHEREFORE**, Defendant respectfully requests that this action be dismissed in its entirety and that Defendant be awarded all costs and fees incurred in defending this action and whatever other relief the Court deems appropriate.

_____
Jennifer C. Jauffret (#3689)
Jauffret@rlf.com
Richards, Layton & Finger
One Rodney Square
P. O. Box 551
Wilmington, Delaware  19899
(302) 651-7700
Attorneys for Defendant

Dated: July 23, 2007

### UNITED STATES DISTRICT COURT
### DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2007, I electronically filed the foregoing Answer to Complaint with the Clerk of Court using CM/ECF which will send notification of such filing to the following and on July 23, 2007, mailed, via first class mail, postage prepaid, copies of the same to:

Ronald G. Poliquin, Esquire
Young, Malmberg & Howard
30 The Green
Dover, Delaware 19901

_____
Jennifer C. Jauffret (#3689)
Jauffret@rlf.com
Richards, Layton & Finger
One Rodney Square
P. O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
Attorneys for Defendant

RLF1-3167873-1